IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                          Civ. No. 08-6278-HO

              Plaintiff,                          ORDER

    v.

RICHARD T. MOORE and APRIL
A. MOORE,

              Defendants.


    The United States of America filed a motion for order to

show cause why a preliminary injunction should not be issued to

eject defendants and their property from National Forest system

lands and to enjoin defendants from future use of federal lands

without authorization.  The court construed the motion as a

motion for preliminary injunction.  Order dated September 18,

2008.  The pro se defendants filed a motion to dismiss.  The

pending motions are denied because the standards for preliminary

injunctive relief and dismissal are not satisfied.

///

Background

The parties dispute whether defendants lawfully reside
on a mining claim on Forest Service system lands in the absence
of a plan of operations. See 36 C.F.R. § 228.4.

Discussion

At the preliminary stage, the government demonstrates it
will likely succeed on its claim that defendants' activities
cause a significant disturbance of surface resources so that
defendants were required to submit a plan of operations. Id.
The record before the court does not demonstrate the possibility
of irreparable injury, or that the balance of hardships tips
sharply in the government's favor. however.  Preliminary
injunctive relief is therefore inappropriate. Clear Channel
Outdoor Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir.
2003).

The government became aware of defendants allegedly unlawful
occupation of the mining claim in October 2003, but did not seek
an injunction for nearly five years.  The government's evidence
proves that defendants' presence on the claim in terms of litter,
vehicles, equipment and other personal property and structures
has increased over the years, but not so drastically as to
warrant preliminary relief.  Photographs taken at various times
by government officials show, among other things, a blocked road,
video equipment, two refrigerators, a tent, a generator, piles of

trash, an apparently inoperable truck, a van on blocks, a recreational vehicle, a boat, a camper trailer, a raised vegetable garden planted in tires, several excavations of a few cubic feet of material, a boat on a trailer, a station wagon and a sedan, cut trees, stacked wood, a bridge over Lobster Creek and a wooden privy.

The record contains a letter from two claim locators who allege that defendants engaged in fraud by selling an unfiled claim, permitted a pack of roaming dogs including an aggressive dog, threatened the locators, dumped sewage "exceptionally close to the creek," littered the forest with trash, paper and piles of human excrement, and caused trash to accumulate in the creek.  AR 159.  The government's 2006 surface use determination and documentation of officials' other visits to the claim do not corroborate the locators' complaints regarding fraud, threats, dogs, sewage and excrement.  The government made no findings that defendants are polluting Lobster Creek.

Regarding defendants' motion, the refusal of Forest Service officials to sign defendants' "public service questionnaire"
///

///

///

3 - ORDER

provides no basis to dismiss the complaint or suppress evidence, as defendants contend.

Conclusion

Based on the foregoing, the government's motion for order to show cause [#3], construed as a motion for preliminary injunction, is denied; defendants' motion to dismiss [#14] is denied.

SO ORDERED.

DATED this __4th__ day of April, 2009.

            s/ Michael R. Hogan
            United States District Judge