FILED '10 JAN 28 10:23 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 08-06278-HO |
| Plaintiff, | ) ORDER |
| v. | ) |
| DANIEL T. MOORE and APRIL A. MOORE, | ) |
| Defendants. | ) |

Introduction

Plaintiff, the United States of America (USA) through the Forest Service of the United States Department of Agriculture (USFS) filed a claim of trespass seeking ejectment, injunctive relief and damages against defendants Daniel and April Moore (Moores). [#1]. Plaintiff now moves for summary judgment in this matter asserting that the defendants are illegally occupying federal land and unable to establish any legal right to occupy the site. [#21].

Defendants are appearing *pro se* and oppose the USA's motion on the grounds that they *are* legally occupying their mining

claim. [#35].

## Discussion

Plaintiff USA has filed a Motion for Summary Judgment in which it seeks determinations by the court that defendants' occupancy without submission and approval of a Plan of Operation, is a trespass on National Forest Service lands and that the USFS is entitled to damages caused by that trespass. [#22 p.9]. Plaintiff USA seeks injunctive relief (1) directing defendants to vacate the land within thirty (30) days; (2) to remove all personal property, equipment and motor vehicles and perform all reclamation deemed necessary within forty-five (45) days of defendants' vacating and (3) enjoining defendants from further occupancy of any federal lands without lawful authorization. *Id.* Finally, plaintiff seeks: (1) unspecified damages for costs and expenses incurred by the USFS incident to removing any left-over personal property and performing any reclamation needed upon defendants' vacating the land, and (2) reasonable rent for the land for the time defendants illegally occupied the land. *Id.*

Plaintiff USA in conformation with the Local Rules, filed a Concise Statement of Material Facts in support of its Motion for Summary Judgment. [#23]. Local Rule 56.1(b) states that "[o]pposition to a motion for summary judgment must include a separately filed response to the separate concise statement that responds to each numbered paragraph of the moving party's facts

by: (A) [a]ccepting or denying each fact contained in the moving party's concise statement; or (B) [a]rticulating opposition to the moving party's contention or interpretation of the undisputed material fact.

Although defendants failed to directly respond to plaintiff's Concise Statement of Material Facts [#23] as required by the Local Rules, they did file a pleading entitled "Defendants Response and Answer to the United States Motion for Summary Judgment." [#38]. This will be construed by this court as their response, to plaintiff's Concise Statement of Material Facts. Pursuant to the Local Rules any facts not specifically denied will be deemed admitted.

### A. Undisputed Facts:

On or about July 31, 2003, April and Daniel Moore submitted a notice to the USFS in Gold Beach, of their intent to do "some panning and suction dredging" on the subject property. [#6-Att. 1, pp. 2-4; #23-¶ 1; #38-¶ 1]. Based on the Moore's representations of their planned mining activity, the USFS sent a letter dated August 25, 2003, to the Moore's Cottage Grove address, informing them that the USFS had determined their planned mining activity would not constitute a significant surface disturbance. [#6-Att. 1, p. 12].

However, approximately three months later, after inspecting the site, the USFS reconsidered their position and sent the

Moores a certified letter informing them that, in order to maintain their operation, they needed to submit a Plan of Operation[1] to the district ranger for review. The same letter also requested the Moores to clean up and restore the site, if this was still their camp. [#6-Att. 1, pp. 27-29].

After many increasingly contentious meetings between the USFS and the Moores[2] failed to convince the Moores to submit a Plan of Operation, the USFS delivered notices of noncompliance to the Moores in March, 2004 and again in April, 2004. [#6-Att. 1, pp. 65-76, 77-79].

Although the Moores dispute some of the pictoral evidence submitted by USFS, the undisputed pictoral evidence clearly shows that the Moores have placed a travel trailer, one or more inoperable motor vehicle(s) and a motor home on the site. [#6-Att. 1, pp. 169-71, 176-183, 189-91]. The Moores have also erected structures including an outhouse and suspension bridge and have accumulated a variety of material, debris and non-mining

---

[1] The USFS determination that a Plan of Operation is required for the Moores to continue mining operations and occupation of the site is the crux of this protracted dispute. Moores believe that "as long as no earth moving equipment or cutting of trees are done you do not need a Plan of Operation." [#38-p.2].

[2] One such meeting on November 29, 2003, resulted in an altercation between the Moores and the USFS representatives after which Mr. Moore was arrested by the Sheriff's deputy ( who had been called as back-up), and transported to the Curry County jail. [#6-Att. 1, pp. 32-34]. Subsequent to a court trial, Mr. Moore was convicted of obstructing government administration and fined $787.00. [#6-Att. 1, p. 57].

4 - ORDER

related items on the site. *Id.*

The Moores timely appealed the notice(s) of noncompliance in a letter dated May 20, 2004. [#6-Att. 1, pp. 96-97]. When their appeal was denied by the Forest Supervisor in a letter dated February 22, 2005, the Moores timely submitted a letter to the Regional Forester stating they would not be filing a second level appeal because they believed the Forest Supervisor's denial was untimely and disregarded USFS regulations. [#6-Att. 1, pp. 104-105].

Defendants currently continue to occupy these National Forest Lands, believe that they are rightfully there and do not appear to intend to either submit a Plan of Operation, vacate the site or remove any buildings, equipment or belongings in the near future. [#35, #40].

B. **Legal Standards**

1. <u>Standard for Summary Judgment:</u>

Summary judgment is proper "if the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ.P. 56(c). In ruling on a motion for summary judgment the evidence of the non-movant must be believed, and all justifiable inferences must be drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (9186).

5 - ORDER

However, when confronted with a motion for summary judgment, a party who bears the burden of proof on a particular issue may not simply rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). That party must do more than simply "show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986) (footnote omitted). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' *Id.* at 587.

At this point in litigation, the court's function is not to weigh the evidence and determine the truth of the matter but rather, to determine whether there is any genuine issue for trial. There is no issue for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson,* 477 U.S. at 249.

Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial ." *Celotex,* 477 U.S. at 322. Evidence must be competent to be used for the purpose of summary judgment. *Carmen v. San Francisco Unified School Dist.,*

6 - ORDER

237 F.3d 1026, 1028 (9th Cir.2001).

### 2. Standard for Injunctive Relief

To qualify for permanent injunctive relief, plaintiff must establish "irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero-Barcelo,* 456 U.S. 305, 312, (1982)(citations omitted). To meet this standard plaintiff must establish that the balance of equities favors injunctive relief and likelihood of actual success on the merits. In other words, the plaintiff seeking an injunction must prove by a preponderance of the evidence, the conditions and circumstances upon which the plaintiff bases the right to and necessity for injunctive relief. *Walters v. Reno,* 145 F.3d 1032, 1048 (9th Cir.1998), *cert. denied*, 119 S.Ct. 1140(1999).

Injunctive relief is not a remedy which issues as a matter of course nor is it used to restrain an act whose consequences are merely trifling. *Weinberger*, 456 U.S. at 312. Injunctive relief is only proper if monetary damages or other legal remedies will not properly address plaintiff's injuries. *Walters,* 145 F.3d at 1048.

### C. Defendants' occupancy of federal lands

Plaintiff USA has filed a Motion for Summary Judgment seeking this court's determination that defendants' occupancy without submission and approval of a Plan of Operation, is a trespass on National Forest Service lands and that the USFS is

7 - ORDER

entitled to damages caused by that trespass. [#22 p.9]. Plaintiff USA also seeks injunctive relief ordering defendants and their belongings from the land (and from future unauthorized occupation of USFS land), as well as unspecified damages for any incidental costs and expenses incurred by the USFS in returning the site to its pre-occupation state. *Id.* Defendants oppose plaintiff's motion in its entirety and move to dismiss the plaintiff's claims. [#35].

The statutory right to mine on public lands is longstanding. However, this right is limited by Congress' broad power to regulate land within the public domain. *Kleppe v. New Mexico*, 426 U.S. 529, 538-39 (1976). Congress has the necessary authority to "protect [public lands] from trespass and injury and to prescribe the conditions upon which others may obtain rights" of use. *Utah Power & Light Co. V. United States,* 243 U.S. 389, 405 (1917).

In exercising this authority, Congress has enacted legislation reserving to the United States the right to manage vegetative surface resources on unpatented mining claims, specifically stating that mining claims "shall not be used ... for any purposes other than prospecting, mining or processing operations and uses reasonably incident thereto." *See Converse v. Udall,* 399 F.2d 616, 617 (9th Cir.1968), *cert. denied*, 393 U.S. 1025 (1969). "If a person's occupancy [of National Forest

8 - ORDER

land] is not reasonably incident to mining, it is unlawful." *United States v. Allen,* 578 F.2d 236 (9th Cir.1978).

The USFS has promulgated regulations that set forth rules and procedures through which surface use of National Forest System lands in operations authorized by the United States mining laws, will have minimally adverse environmental impacts. 36 C.F.R. § 228.1; <u>see also</u> *United States v. Brunskill*, 792 F.2d 938, 941 (9th Cir. 1986). Thus, "a notice of intention to operate is required from any person proposing to conduct operations which might cause disturbance of surface resources. Such notice must be filed with the District Ranger having jurisdiction over the area where the proposed operations will occur. Where the District Ranger determines that such operations will likely cause significant disturbance of surface resources, the operator shall submit a proposed Plan of Operation to the District Ranger." 36 C.F.R. § 228.4(a). It is therefore well settled that mining activities likely to cause such surface disturbance cannot be carried on in the absence of an approved operating plan. <u>See</u> *United States v. Goldfield Deep Mines Co. of Nevada,* 644 F.2d 1307 (9th Cir.1981), *cert. denied*, 455 U.S. 907, (1982).

In this instance, defendants have consistently maintained that the USFS regulations do not require them to submit a Plan of Operation if they are not using earth moving equipment or cutting

9 - ORDER

down trees (although whether or not they are cutting trees for firewood is in dispute). [#40]. They base this belief on their understanding of the statutory requirements and Ninth Circuit case law as illustrated by *USA v. Lex*, 300 F.Supp. 2d 951 (9th Cir. 2003). *Id.*

It is undisputed that on July 31, 2003, defendants appropriately filed a Notice of Intent (NOI) to occupy National Forest Lands to conduct some panning and suction dredging. Nor is it disputed that at that time the USFS determined that their activities would not constitute a significant surface disturbance. The NOI that the Moores filed with the USFS defendants also indicated that they would occupy the site only until August 2003. [#6-Att. 1, p. 4].

However, when USUFS officials visited the claim in October 2003, they found that the Moores were still residing there. [#6-Att. 1, p. 13]. At that time the USFS determined that the Moores' extended stay *would* create a significant surface disturbance, and pursuant to 36 C.F.R. § 228, the Moores would therefore need to submit a Plan of Operation (as well as perhaps a bond to guarantee that the site was properly restored when they left). The Moores' immediate and continuing assertion that they were not required to submit a Plan of Operation because they are not using earth moving equipment (leaving aside whether they have unlawfully cut down trees or not), is incorrect and not bolstered

10 - ORDER

by either *USA v. Lex* or the record in this case.

First, the regulations[3] regarding Plans of Operation and notices of intent state:

> (1) A notice of intent to operate is not required for: . . . (vi) Operations which will not involve the use of mechanized earthmoving equipment, such as bulldozers or backhoes, or the cutting of trees, **unless** those operations otherwise **might cause a significant disturbance** of surface resources.

36 C.F.R. 228.4 (a)(emphasis added)(7-1-02 Edition). Thus although the Moores were not using earthmoving equipment, they have been on notice since November 2003, that their presence nevertheless was (and is), causing a sufficiently significant disruption of the site that a Plan of Operation was required.

Furthermore, the facts here are significantly different than those in the *Lex* case. Unlike the Moores, the defendants there had not filed a NOI because they were not required to unless their mining involved use of earthmovers or cutting of trees. *Lex*, 300 F.Supp.2d at 962. Those regulations[4] did not afford an opportunity for the USFS to evaluate whether a significant disturbance of surface resource would likely result. *Id.*

Another immediate difference between the two situations is

---

[3] This version of regulations were delivered to the Moores via certified letter and is attached to their sur-reply. [#40 - att. p. 0053].

[4] That version of 36 C.F.R. 228.4 was amended to clarify that a NOI is mandatory when surface resource disturbance will be caused by mining activity whether or not earthmoving equipment is used or trees are cut.

11 - ORDER

the condition of the sites. Unlike the Moores' site, there was little disturbance of the *Lex* site - no structures were built; the motor home parked there had an inside bathroom; and the waste water and human waste was disposed of off-site. *Lex*, 300 F.Supp.2d at 955. The *Lex* defendants were using the site primarily for mining and their on-site stay was incident to that mining.

Here the record supports plaintiff's contention that the Moores are using this site primarily for residential purposes with occasional mining incident to that purpose. Unlike the defendants in *Lex,* the Moores have built extensive structures, dug pit toilets, and accumulated household equipment, trash and non-operating vehicles.

Finally, the *Lex* defendants had filed a formal mining claim with the Bureau of Land Management (BLM) whereas the Moores have only filed multiple notices of claim location in the Curry County Land Records, none of which have ever been filed as mining claims with the BLM[5].

As noted by the *Lex* court, the United States has the right to manage surface resources and to make a good faith challenge to those surface uses that are not reasonably incident to mining. *Lex*, 300 F.Supp.2d at 958. The record in this matter is replete

---

[5] Any claims recorded in the county records (as defendants are), which are not then filed with the BLM become void within 90 days. [#6- Att.1, p.115].

12 - ORDER

with evidence supporting plaintiff's contention that defendants' use of the site is not reasonably incident to mining.

It is well established in the Ninth Circuit that miners may not proceed while ignoring USFS regulations but, are expected to receive prior approval so that the balance between mining and protecting forests may be maintained. See e.g., *United States v. Doremus*, 888 F.2d 630, 633 (9th Cir 1989). There is no authority of which I am aware, that would allow a miner to significantly disturb National Forest land without an approved Plan of Operation.

A person is liable for trespass "if he intentionally (a) enters land in the possession of the other, or causes a thing or a third person to do so, or (b) remains on the land, or (c) fails to remove from the land a thing which he is under a duty to remove." *Restatement 2d of Torts* § 158 (2009). Here the Moores have moved sundry household effects, travel trailer(s) and vehicles onto the site; have built structures and over a period of almost seven years, have significantly altered the National Forest site they occupy, all the while steadfastly refusing to comply with the USFS request that they file a Plan of Operation.

By choosing to "mine" without an approved Plan of Operation, the Moores have become trespassers in the National Forest. With no genuine issue left for trial, plaintiff USA is entitled to summary judgment on its trespass claim.

Defendants Daniel and April Moore are hereby ordered to

13 - ORDER

terminate their occupancy of the Old Diggings or Pearly Gates (subject lands) site within thirty (30) days of the date of entry of this court's order.  The defendants Daniel and April Moore, are hereby ejected from the subject federal lands and officers of plaintiff USA including the U.S. Marshalls Service and the USFS law enforcement officials may remove defendants from these subject lands if they fail to vacate their occupancy within the time ordered by this court.

   Defendants are hereby ordered to remove from the subject lands, all personal property including but not limited to motor vehicles, structures, equipment and trash and to restore the subject lands to their natural state within forty-five (45) days of the date of entry of this court's order or in the alternative, to pay the plaintiff USA's costs of taking such actions. Plaintiff USA is permitted to take possession of all personal property including but not limited to motor vehicles, structures, equipment and trash, that are not removed by defendants within forty-five (45) days of the date of entry of this court's order and to dispose of such property without further order of this court, notice or administrative action.

   Defendants are hereby enjoined from hereafter occupying and/or using the subject lands unless specifically authorized in writing by the USFS under a Plan of Operation.  Defendants are further prohibited from occupying or using other federal lands without first complying with all applicable federal laws and

14 - ORDER

regulations.

Because a "trespass, once established, carries with it liability for resulting harm," reimbursement to the plaintiff USA for reasonable costs incurred in removing defendants property and/or restoring the subject federal lands to their natural state if the defendants fail to timely abide by this court's order, may be pursued by motion or separate action if necessary. *Loe v. Lenhardt*, 227 Or. 242, 248 (1961).(citation omitted).

I find no authority for awarding rent for the subject lands to plaintiff USA and therefore deny that portion of plaintiff's motion without prejudice.

## Conclusion

Based on the foregoing, plaintiff's motion for summary judgment [#21] is GRANTED in part, DENIED in part as follows:

- GRANTED, with respect to plaintiff's claim of trespass;
- GRANTED, defendants are hereby ejected from and ordered to vacate the subject lands within thirty (30) days of the date of entry of this order,
- GRANTED, defendants are hereby ordered to remove from the subject lands all personal property and to restore the subject lands to their natural state, within forty-five (45) days of the date of entry of this order;
- GRANTED, defendants are hereby enjoined from occupying or using the subject lands or other federal lands

15 - ORDER

   without first complying with all applicable federal
   laws and regulations;

- GRANTED, plaintiff may apply to the court for
  reimbursement of clean-up activities and/or restoration
  costs if defendants do not clean-up and restore the
  subject lands and

- DENIED as to plaintiff's motion for rent for the
  subject lands.

Defendants Motion to Dismiss [#35] is DENIED..


IT IS SO ORDERED.

DATED this 27th day of January, 2010.


                                    _____
                                    Michael R. Hogan
                                    United States District Judge


16 - ORDER